[Civ. No. 9005. Second Appellate District, Division Two.—December 20, 1934.]

GEORGE H. MORRIS, Appellant, v. CANTLAY & TAN-ZOLA, INC. (a Corporation), Respondent.

H. C. Millsap for Appellant.

George P. Kinkle and John S. Hunt for Respondent.

CRAIL, J.—The plaintiff was the father of Vincent Morris, a fourteen year old boy, who was killed in an automobile collision when the boy and several of his companions were returning to Los Angeles from a trip to Dry Lake, or near there, where they had intended to go for the purpose of testing the speed of a certain Chevrolet roadster which had been stripped and "hopped-up". The deceased was riding in the roadster at the time of the accident. He had contributed his share to the expenses of operating the automobile on the trip. The roadster required towing by a touring car on certain parts of the way. The towed car became

detached from the tow car and ran over onto the wrong side of the highway a distance of 2½ feet when only about 30 feet from the approaching truck of the respondent. The respondent's truck was at all times on its own side of the highway. A collision occurred resulting in the death of appellant's son. The jury returned a verdict in favor of the respondent and judgment was entered thereon.

Appellant contends that the verdict is without support in the evidence. We have reviewed the evidence and cannot agree with this contention.

Appellant further contends that certain instructions were erroneous and prejudicial, and in this regard he particularly complains of an instruction which sets forth the elements of the last clear chance doctrine. In this instruction the court inadvertently used the word "plaintiff" on three or more occasions where it should have used the word "deceased" or "injured person". Appellant admits the correctness of the instruction in cases where the party injured and the plaintiff are identical, but contends that where, as here, the plaintiff was not the party injured, but his father, the instruction was prejudicial. We do not believe the jury was misled as to the person intended, for the same instruction refers to the plaintiff as the one "who has been injured" and again says that the defendant is not liable under the doctrine of the last clear chance "unless he has a clear chance to avoid injuring plaintiff". Otherwise, it was an instruction which is frequently given and correctly states the law on the subject. Other instructions are complained of, but we find no merit in appellant's contentions with regard to them.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1935.